UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DAVID ENRIQUE MEZA; TAYLOR MARIE LANGSTON,<br><br>   Defendants. | Case No.: 15cr3175 JM<br><br>**ORDER ON MEZA'S MOTION TO COMPEL DISCOVERY; UNITED STATES' MOTIONS IN LIMINE; AND MEZA'S MOTION IN LIMINE** |

Pending before the court are Defendant David Enrique Meza's motion to compel discovery, (Doc. No. 120), the Government's motions in limine, (Doc. No. 129), and Meza's motion in limine, (Doc. No. 137). The court heard argument on these motions on March 24, 2017, and this order addresses each in turn.

### Meza's Motion to Compel Discovery

Meza moves for discovery of testing and reports done by the Mexican authorities. Meza argues that both Federal Rule of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963), require the Government to turn over this material. In response, the Government argues that it does not have possession, custody, or control of the material, and, furthermore, the United States government cannot compel the Mexican government to produce it.

At the March 24 hearing, the Government stated that it had already made an informal request to Mexican authorities to turn over the material, if it exists, but had not heard back. At Meza's behest, the Government represented that it would make another request in short order. Accordingly, pending these cooperative efforts, the court defers ruling on this motion until the scheduled April 7, 2017, status hearing.

### Government's Motions in Limine Regarding Witness Impeachment

The Government moves to (1) preclude impeachment of Hector Gonzalez and Isidro Magana with convictions more than ten years old; (2) limit impeachment of Magana to the fact of conviction only for a conviction less than ten years old; (3) preclude impeachment of Gonzalez with uncharged conduct not probative of truthfulness; and (4) preclude impeachment of Gonzalez with prior drug use. Meza did not file an opposition to these motions or argue against them at the hearing. For the following reasons, the court grants each motion without prejudice.

Regarding the Government's first request, Federal Rule of Evidence 609(b)(1) provides that evidence of a conviction more than ten years old is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect . . . ." Because Meza did not oppose the motion, there is no argument before the court that Rule 609(b)(1)'s requirement is met as to any of the convictions at issue here.

Second, evidence of Magana's 2013 conviction for assault with a deadly weapon must come in under Rule 609(a)(1)(A), subject to Rule 403 balancing. But, as the Government notes, "absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness]'s credibility." United States v. Osazuwa, 564 F.3d 1169, 1175 (9th Cir. 2009) (internal citations omitted). As Meza has not shown that this is an exceptional circumstance meriting

discussion of the specifics underlying Magana's offense, the court grants the Government's motion to limit it to the fact of conviction.

Next, the Government seeks to exclude certain uncharged conduct involving Gonzalez. A witness's credibility may be attacked on cross-examination by inquiring into specific instances of conduct not resulting in a criminal conviction only if those instances "are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). The court finds that these old, uncharged acts are not probative of Gonzalez's character for truthfulness or untruthfulness, and discussing them may raise Rule 403 issues. Given this determination, along with the Government's assertion that "[n]either the United States nor Mexican authorities have any agreement with Gonzalez regarding his testimony in this case and any of the above-cited matters," the court precludes reference to this conduct.

Finally, the court grants the Government's motion regarding Gonzalez's past drug use. As the Ninth Circuit put it in United States v. Kizer, 569 F.2d 504 (9th Cir. 1978):

> The cases that allow broad cross-examination on the issue of drug addiction to impeach witnesses are readily distinguishable. Such cross-examination may be necessary where defense counsel seeks to impeach narcotics addicts who are paid government informers with criminal charges pending against them, or who had criminal charges against them dropped prior to trial, or where the fact of addiction is probative of other motivation for testifying, or where the witness is intoxicated while testifying. The record here reveals no such bases for allowing cross-examination on drug addiction. Moreover, there is widespread recognition that drug addiction is an issue fraught with potential prejudice: The issue of narcotics use is one that may properly be handled with some sensitivity lest it result in undue and unnecessary prejudice. There is an interest in avoiding undue evidentiary assault on prosecution witnesses. Prejudice may result if questions asked for the limited purpose of testing, say, opportunity to observe, are permitted to generate a hostility based on the general odium of narcotics use.

Id. at 506 (internal citations and quotations omitted).

1     Here, the Government asserts that Gonzalez used drugs nine years ago. Thus,
2 without any reason to believe that Gonzalez is currently on and addicted to drugs, the
3 court grants this motion.

### Meza's Motion in Limine to Admit Merendino's Craigslist Posts

5     Meza moves to admit the Craigslist communications of the victim, Jake
6 Merendino, which concern Merendino's relationships with other prostitutes and sexual
7 partners during the time he was involved with Meza. Meza has moved to admit this
8 evidence once before. At that time, the court deferred ruling, stating:

> It is difficult for the court to assess the admissibility of this
> evidence at the present time. For one thing, it is not clear that
> Meza was aware of these emails, or that Meza knew Merendino
> had other relationships. If Meza knew of the emails, or if the
> emails corroborate Meza's knowledge of Merendino's other
> relationships, they may be relevant. If not, it is unclear what
> chain of inferences stemming from the emails makes it more or
> less probable that Meza committed the charged crimes. For
> another, the court will have to assess each statement to
> determine whether it fits any exception to the hearsay rule.
> Finally, the emails may or may not be admissible under Rule
> 806, depending on what evidence the Government offers in its
> case in chief.

18 (Doc. No. 116 at 7.)

19     Meza has now provided the specific communications to the court. He argues that
20 they are relevant to undermine the Government's theory that Merendino, based on his
21 love for Meza, was more vulnerable to Meza's efforts to "focus on and exploit the
22 relationship." Meza also notes that "[t]he nature of this relationship is a material fact at
23 the heart of this case. Indeed, it is an element of Count 1 of the Indictment, and the
24 government intends to introduce extensive evidence concerning the nature of the
25 relationship as bearing on motive for the crime charged therein."

26     After further consideration and an opportunity to evaluate the communications in
27 question, the court now grants Meza's motion. The court agrees with Meza that these
28 communications are in fact conduct, not hearsay statements offered for the truth of the

matters asserted.  And this conduct goes to the nature of the relationship between Meza and Merendino, which the Government has put front and center in this case—first by charging Meza with violating 18 U.S.C. § 2261(a)(1), which necessarily involves an "intimate" or "dating" partner, and then by offering its theory of Meza's culpability for that offense.  Given its relevance, the probative value of this evidence is not substantially outweighed by Rule 403 concerns.

However, if it becomes apparent at trial that Meza does intend to offer particular statements for their truth, the court will entertain objections and hear further argument.  In addition, the court will consider options to limit this evidence to its specific and intended purpose.

**CONCLUSION**

For the foregoing reasons, the court: (1) defers ruling on Meza's motion to compel discovery, (Doc. No. 120); (2) grants the Government's four motions in limine regarding witness impeachment, (Doc. No. 129); and (3) grants Meza's motion in limine regarding Merendino's Craigslist communications, (Doc. No. 137).

IT IS SO ORDERED.

DATED: March 28, 2017

JEFFREY T. MILLER
United States District Judge